**UNITED STATES of America ex rel. Alexander McNAIR**

v.

**Arlen SPECTER.**

**Civ. A. No. 69–1986.**

United States District Court
E. D. Pennsylvania.

Oct. 28, 1969.

Alexander McNair, pro se.

Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Alexander McNair, who brings the present action, was indicted as of June Sessions, 1965 on Bills No. 678, 679, 680; July Sessions, 1965 on Bills No. 584, 585, 586, 587; and August Sessions, 1965 on Bills No. 414, 415, 416.

On October 4, 1965, McNair pleaded guilty to the June and July Sessions indictments. He was sentenced by the Honorable Gregory G. Lagakos to 2 to 10 years on Bill No. 678 of June Sessions, 1965 for aggravated robbery, and to 2 to 10 years on Bills No. 584 and 586 for aggravated robbery, these sentences to run concurrently with that on Bill 678. Sentence was suspended on the other bills of the June and July Sessions.

On March 1, 1966 McNair pleaded guilty to Indictment No. 414 of August Sessions, 1965 and was sentenced to 2 to 10 years thereon for aggravated robbery, this sentence to run concurrently with that on Bill No. 678 of June Sessions, 1965, referred to above. Prosecution was dropped on Bills No. 415 and 416.

On September 9, 1968, McNair filed a petition pursuant to the Pennsylvania Post-Conviction Hearing Act. On December 19, 1968, Judge Lagakos granted the petition, ordered a new trial, and set bail at $20,000. pending trial. Subsequently, upon McNair's petition for the appointment of counsel, the Voluntary Defender was appointed to represent him (February 17, 1969).

Nevertheless, the Pennsylvania Board of Probation and Parole also had McNair confined as a parole violator as a result of the convictions on the above Bills which had been set aside. However, the Board later recognized this error, and pursuant to an Order of this Court, did not hold petitioner further as a parole violator.

In January, 1969, McNair filed a handwritten petition for reduction of bail.

The petition was later referred to McNair by the Honorable John Meade for clarification as to whether he had counsel, since the Judge would not hear the petition without counsel.

On April 14, 1969 McNair filed a petition requesting a trial within thirty days, or in the alternative, release on his own recognizance pending trial. On June 3 this petition was dismissed without prejudice and referred to the Voluntary Defender for investigation.

McNair then filed in this Court a petition for reduction of bail which was denied on July 10, 1969.

McNair then filed the present petition in this Court on August 28, 1969 in the form of a lawsuit against the District Attorney. In the present petition he alleges that he is being denied his right to a fair and speedy trial, that he is being denied "bail within his means", and that he is suing in this Court for a "nol pross" as relief.

As a first step in an attempt to achieve some semblance of order from the chaos evident in this case, the Court will treat the petition as one seeking habeas corpus relief.

It should be noted that in response to the present petition, this Court, on August 28, 1969, the day of receipt of the petition, issued an order directing the Commonwealth to show cause, within thirty days, as to why petitioner had not received a speedy trial. The Commonwealth's reply asked that the petition be denied on the ground that there had not been a long delay, that petitioner had failed to exhaust state court remedies, and that petitioner's trial was imminent and would begin September 26, 1969.

This Court, however, regards the delay as substantial, and, even assuming that exhaustion requirements are as strict prior to trial as when a relator is held "pursuant to a state court judgment", believes the present circumstances render state process ineffective to protect the rights of the present petitioner. 28 U.S.C.A. § 2254. Consequently, the Court requested that District Attorney's Office to notify it on September 26th when the petitioner's trial had actually begun. However, the Court was subsequently informed that the trial had not begun on September 26th, though petitioner's attorney was prepared to proceed. The Court was assured, however, by the District Attorney's Office, that the trial would definitely commence on October 16, 1969, and that the Court would be informed when the trial had begun. However, the Court has again been notified by the District Attorney and petitioner's counsel that petitioner's trial has been postponed, though petitioner's counsel was once again prepared to proceed.

In light of the substantial delay in the trial of petitioner's case and the other circumstances related above, an order will be entered granting the petition for habeas corpus if relator is not brought to trial within 45 days.

And it is so ordered.